[Cite as *State v. Long*, 2021-Ohio-2672.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 20CA9 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| KEJUAN J. LONG, | : | |
| Defendant-Appellant. | : | **RELEASED 8/4/2021** |

_____
<u>APPEARANCES</u>:

Mark J. Miller, Columbus, Ohio, for appellant.

Judy C. Wolford, Pickaway County Prosecutor, Heather MJ Carter, Assistant Pickaway County Prosecutor, Circleville, Ohio, for appellee.
_____
Hess, J.

{¶1} Kejuan J. Long appeals his convictions for having weapons while under disability, possession of cocaine with a forfeiture specification, and aggravated trafficking in drugs with a forfeiture specification. Long contends that the trial court erred when it sentenced him under the Reagan Tokes Law because it is unconstitutional. Long argues that the provisions that enable the Ohio Department of Rehabilitation and Corrections (ODRC) to increase his prison sentence without judicial involvement and to future imprison him without notice, a hearing, and a jury trial violates the separation of powers doctrine, his due process rights, and his right to a jury trial.

{¶2} We overrule his first assignment of error because the question of the constitutionality of the Reagan Tokes Law is not ripe for review. Long was sentenced to an indefinite prison term of a minimum of six years and a maximum of nine years.

Under the Reagan Tokes Law, there is a rebuttable presumption that Long will be released at the end of his minimum sentence. The ODRC may, under certain circumstances, rebut that presumption and keep Long incarcerated for an additional reasonable period, not to exceed his maximum prison term as sentenced by the trial court. However, Long has not yet served his minimum sentence. Therefore, he has not yet been subject to the application of the provisions he challenges. Because he has not yet been subject to the actions by the ODRC, the constitutional issue is not yet ripe for our review. We overrule his first assignment of error.

**{¶3}** Long also contends that his guilty plea was not made knowingly, intelligently, or voluntarily because the trial court failed to substantially comply with Crim.R. 11(C) in explaining his indefinite sentence under the Reagan Tokes Law. We find that the trial court substantially complied with Crim.R. 11(C)(2)(a) and therefore Long entered his guilty plea knowingly, intelligently, and voluntarily. And, even if the trial court's explanation of the indefinite sentence ranges did not comply fully with Crim.R. 11(C)(2)(a), Long failed to show that he was prejudiced. We overrule his second assignment of error.

**{¶4}** Last, Long contends that his indefinite sentence is contrary to law because the trial court failed to comply with certain required statutory notices. The state concedes this error. We agree and find that the trial court failed to provide the required notification under R.C. 2929.19(B)(2)(c) at the sentencing hearing and therefore his sentence is contrary to law. We sustain Long's third assignment of error and remand for resentencing.

## I. PROCEDURAL HISTORY

{¶5} The Pickaway County grand jury indicted Long on nine counts, including one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony; one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony; one count of trafficking in cocaine with a forfeiture specification in violation of R.C. 2925.03(A)(2)/(C)(4)(d), a second-degree felony; one count of possession of cocaine with a forfeiture specification in violation of R.C. 2925.11(A)/(C)(4)(c), a third-degree felony; one count of aggravated trafficking in drugs with a forfeiture specification in violation of R.C. 2925.03(A)(2)/(C)(1)(c), a second-degree felony; one count of aggravated possession of drugs with a forfeiture specification in violation of R.C. 2925.11(A)/(C)(1)(b) a third-degree felony; one count of endangering children in violation of R.C. 2919.22(A), a third-degree felony; one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2)/(C)(4)(f), a first-degree felony; and one count of possession of cocaine in violation of R.C. 2925.11(A)/(C)(4)(e), a first-degree felony. Long initially pleaded not guilty. Long and the state entered into a plea agreement under which Long pleaded guilty to three of the charges: having weapons while under disability, a third-degree felony; possession of cocaine with forfeiture specification, a third-degree felony; and aggravated trafficking in drugs with specification, a second-degree felony. In exchange, the state agreed to dismiss the remaining six counts. The trial court accepted Long's guilty plea and sentenced him to a 12-month prison term for having weapons while under disability, a 24-month prison term for possession of cocaine, and a mandatory

minimum 6-year prison term up to a maximum 9-year prison term for aggravated trafficking in drugs, all to be served concurrently.

## II.  ASSIGNMENTS OF ERROR

**{¶6}**    Long assigns the following errors for our review:

I. As amended by the Reagan Tokes Act, the Ohio Revised Code's sentences for first and second degree qualifying felonies violates the Constitutions of the United States and the State of Ohio, and constitutes plain error.

II. The trial court failed to substantially comply with Ohio Criminal Rule 11 in accepting Appellant's guilty plea.

III. Appellant's sentence under The Reagan Tokes Act is contrary to law, in that the trial court failed to comply with the sentencing requirements contained in R.C. 2929.19(B)(2)(c).

## III. REAGAN TOKES LAW

**{¶7}**    The Reagan Tokes Law requires that a court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a) for a first or second-degree felony committed on or after March 22, 2019, impose a minimum prison term under that provision and a maximum prison term determined under R.C. 2929.144(B).  R.C. 2929.144(C).  There is a presumption that the offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier."  R.C. 2967.271(B).  A presumptive earned early release date is a date determined under procedures described in R.C. 2967.271(F) which allow the sentencing court to reduce the minimum prison term under certain circumstances.  R.C. 2967.271(A)(2).  The ODRC may rebut the presumption if it determines at a hearing that one or more statutorily numerated factors applies.  R.C. 2967.271(C). If ODRC rebuts the presumption, it may maintain the offender's

incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, determined and specified by ODRC, that "shall not exceed the offender's maximum prison term."  R.C. 2967.271(D)(1).

**{¶8}**   Long maintains that the Reagan Tokes Law violates the separation of powers doctrine, due process and his right to a jury trial because R.C. 2967.271(C)(1) allows ODRC to extend a prison sentence if it determines, among other things, that the offender committed an unprosecuted violation of the law.  However, we find that the question of the constitutionality of the Reagan Tokes Law is not ripe for review. Long was sentenced to an indefinite prison term of a minimum of six years and a maximum of nine years. Under the Reagan Tokes Law, there is a rebuttable presumption that Long will be released at the end of his minimum sentence. The ODRC may, under certain circumstances, rebut that presumption and keep Long incarcerated for an additional reasonable period, not to exceed his maximum prison term as sentenced by the trial court. However, Long has not yet served his minimum sentence. Therefore, he has not yet been subject to the application of the provisions he challenges. Because he has not yet been subject to the actions by the ODRC, the constitutional issues are not yet ripe for review.

**{¶9}**   For a complete discussion of the Reagan Tokes Law and a survey of Ohio case law. *See State v. Halfhill*, 4th Dist. Meigs No. 20CA7, 2021-Ohio-177, ¶ 8–20. The question of whether the Reagan Tokes Law is ripe for review is currently pending before the Supreme Court of Ohio because of the conflict within Ohio appellate districts on the ripeness question. *See State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

**{¶10}** While *Maddox, supra,* was pending, the Eighth District Court of Appeals reversed itself and determined that the Reagan Tokes Law was unconstitutional. *See State v. Daniel,* 2021-Ohio-1963, __N.E.3d__ (8th Dist.) and *State v. Sealey*, 8th Dist. Cuyahoga No. 109670, 2021-Ohio-1949. In *Daniel* and *Sealey,* which were both released and journalized on June 10, 2021 and were virtually identical in analysis, the Eighth District acknowledged that it had, only months earlier, found the Reagan Tokes Law constitutional, *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.) and *State v. Simmons,* 2021-Ohio-939, __N.E.3d__ (8th Dist.). But in *Daniel* (and *Sealey*, but for sake of simplicity we will refer only to *Daniel*), the Eighth District reversed course and disagreed with the analogy to Ohio's parole eligibility regimen and instead decided that the Reagan Tokes Law is more akin to parole revocation and reduction of good-time credit proceedings. *Id.* at ¶ 19-20, 26. *Daniel* found that the procedures identified in R.C. 2967.271(C) and (D) for rebutting the presumptive release date are constitutionally insufficient because the law, "as written, does not afford inmates a meaningful hearing, which is the fundamental element of due process required by the liberty interest the statute itself creates." *Id.* at ¶ 31-39, 40.

**{¶11}** More specifically, it found that the Reagan Tokes Law provisions did not provide the minimum due process requirements under *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) for parole revocation and *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) for withdrawal of good-time credits, which require the inmate receive written notice of the hearing, knowledge of the evidence to be used by the state, a chance to be heard to present evidence and confront the state's evidence, and a decision made by a neutral entity. *Daniel* at ¶ 38.

**{¶12}** The Eighth District expressed concern for how the Reagan Tokes Law proceedings will affect certain inmates with mental health and substance abuse issues and further found that, "failing to provide an inmate the right to present a defense – any defense at all – flies in the face of well-established due process jurisprudence at its very core." *Id.* at ¶ 39. Notably the court acknowledged that while *Daniel* was pending, the ODRC issued procedures for the hearing process under the Reagan Tokes Law. Due to the timing of these procedures, the court would not consider their impact on its due process analysis:

> This court is aware that effective March 15, 2021, the director of the DRC issued policy number 105-PBD-15 establishing procedures for the "Additional Term Hearing Process" under the Reagan Tokes Law. That policy was not in effect at the time the parties brought this appeal, it was not in effect at the time the parties submitted their briefs, and it was not in effect at the time the parties participated in oral argument in this case. It is not before this court to consider whether the DRC policy provides due process protections that are absent from the statute. *See State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888.

*Id.* at ¶ 42.

**{¶13}** Because our district precludes constitutional review of the Reagan Tokes Law for lack of ripeness – and because the ODRC and the Ohio Legislature may adopt additional procedures before any case ripens – we see no need to re-examine our decisions in light of *Daniel* and *Sealey*. To the contrary, the fact that the ODRC promulgated rules that will impact the Eighth District's future constitutional analysis post-*Daniel* further convinces us that our conservative approach is prudent.

**{¶14}** We overrule Long's first assignment of error.

## IV. THE GUILTY PLEA

{¶15} Long contends that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) because the explanation he was given about the maximum sentence for the second-degree felony offense of aggravated trafficking in drugs was "rather convoluted."

### A. Standard of Review

{¶16} We conduct a de novo review of the record to determine whether the plea was made knowingly, intelligently, and voluntarily:

> "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Moore,* 4th Dist. Adams No. 13CA965, 2014–Ohio–3024, ¶ 13.

*State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 36.

### B. Long's Guilty Plea Was Made Knowingly, Intelligently, and Voluntarily

{¶17} A guilty plea involves a waiver of constitutional rights and the decision to enter a plea must be knowing, intelligent, and voluntary. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional. *Id.*

{¶18} Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas. "The rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *Dangler* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

**{¶19}** "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13; Crim.R. 52.

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler* at ¶ 17.

**{¶20}** The record shows that the trial court explained the aggravated trafficking in drug offense to Long and that the maximum penalty was a 12-year prison term. However, in explaining the minimum prison term, the trial court's explanation was difficult to follow, but nevertheless accurate:

> Under Ohio Law it carries a maximum penalty of twelve years in a state prison with a minimum sentence of two years up to a maximum of eight, coupled with the possibility of four additional or indefinite, meaning maximum possible penalty of eight to twelve years, and that any sentence you receive from that is mandatory, which would mean you would have to serve and not be eligible for any type of early release.

**{¶21}** The trial court substantially complied with the relevant provision in Crim.R. 11(C)(2)(a), which requires that the trial court determine that Long understood "the maximum penalty involved." The trial court explained to Long that his maximum prison term was 12 years and it further explained that the minimum sentence could be two to eight years, making the maximum prison term a range of 8 to 12 years. Additionally, the written guilty plea included the maximum prison term for that offense was 8 to 12 years, which was signed by Long.

**{¶22}** Even if the trial court's explanation of the maximum sentence did not comply fully with Crim.R. 11(C)(2)(a), Long must show that he was prejudiced, and he has failed to do so. Long does not even make an argument that this "convoluted" explanation of his indefinite sentence prejudiced him. "Prejudice must be established ' "on the face of the record." ' " *Dangler* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.,* 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999). There is nothing in the record indicating that Long would not have entered his plea had he been given a more straightforward explanation of the indefinite sentencing scheme. Because Long has not established prejudice, he is not entitled to have his guilty plea vacated for failure to comply with Crim.R. 11(C)(2)(a).

**{¶23}** We overrule his second assignment of error.

## V.  SENTENCING

**{¶24}** Long contends that his sentence is contrary to law because the trial court failed to comply with the required notices contained in R.C. 2929.19(B)(2)(c).

**{¶25}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶26}** We may vacate or modify a felony sentence if we clearly and convincingly find that the record does not support the trial court's findings. *State v. Layne*, 4th Dist. Adams No. 20CA1116, 2021-Ohio-255, ¶ 6. " 'This is an extremely deferential standard of review.' " *Id.* at ¶ 8, quoting *State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-3943, ¶ 8. Clear and convincing evidence is proof that is more than a "mere preponderance of the evidence" but not of such certainty as "beyond a reasonable doubt," and produces in the mind a "firm belief or conviction" as to the facts sought to be established. *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 42.

**{¶27}** R.C. 2929.19(B)(2)(c) sets out the notifications that are to be provided in accordance with subsections (B)(1) and (2) which mandates that the court notify the offender at the sentencing hearing:

> (c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:
>
> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be

reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

**{¶28}** The trial court informed Long that there is a rebuttable presumption that he would be released on the expiration of his minimum term, but if he were to "cause problems" his term could be extended three more years. However, as the state concedes, the trial court did not provide the additional notices at the sentencing hearing concerning the ODRC hearing process outlined in the statute. The trial court explained:

Court: * * * And Count Five, which is a mandatory sentence, will be six years. That's six to nine, which means, since you were last in prison, Mr. Long, we now have what they call indefinite sentence which I explained to you when you pled guilty. It's a minimum of six years, that's the presumption they gave to you. I'm going to order those to run concurrent so you do them all at the same time, with the presumption you will be released after you do that six years. If, however, you go into prison and they have issues with you and you cause problems in there, today, internally, they can increase that six years up to an additional one half, which would be three more years. That's why I said six to nine. Do you understand that?

Defendant: Yes, sir.

**{¶29}** We find that Long's sentence was contrary to law because the trial court failed to provide notice at the sentencing hearing of ODRC's rebuttal of the presumption as required by subpart (B)(2)(c). *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶ 33-37.

**{¶30}** We sustain Long's third assignment of error.

## VI.  CONCLUSION

**{¶31}**   We overrule Long's first and second assignments of error and sustain his third assignment of error. We affirm the trial court's judgment in part, vacate it in part, and remand for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART AND VACATED IN PART.
CAUSE REMANDED.

## __JUDGMENT ENTRY__

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND VACATED IN PART. CAUSE REMANDED. Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**