[Cite as *State v. Bentley*, 2022-Ohio-1914.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,             : CASE NO. 21CA1147

v.                                      :

SCOTTIE BENTLEY,                        : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.            :

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.[1]

C. David Kelley, Adams County Prosecuting Attorney, and Kris D.
Blanton, Assistant Prosecuting Attorney, West Union, Ohio, for
appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:5-27-22
ABELE, J.

{¶1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Scottie Bentley, defendant below and appellant herein, assigns two errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE REAGAN TOKES ACT, AS ENACTED BY THE OHIO
> LEGISLATOR (SIC) IS UNCONSTITUTIONAL, AND THE
> TRIAL COURT COMMITTED PLAIN ERROR BY SENTENCING
> MR. BENTLEY UNDER THAT ACT."

---

[1] Different counsel represented appellant during the trial court proceedings.

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. BENTLEY BY FAILING TO COMPLY WITH THE SENTENCING REQUIREMENTS CONTAINED IN R.C. 2929.19(B)(2)(c)."

{¶2} In March 2021, an Adams County Grand Jury returned an indictment that charged appellant with one count of aggravated drug possession in violation of R.C. 2925.11(A), a second-degree felony. Subsequently, appellant entered a not guilty plea. The trial court also denied appellant's motion to suppress evidence.

{¶3} On August 5, 2021, appellant pleaded guilty to aggravated drug possession as charged in the indictment. At the change of plea hearing, the trial court notified appellant about post-release control and the consequences of a post-release control violation. The trial court then sentenced appellant to: (1) serve a mandatory four to six-year prison term, (2) serve up to a mandatory three-year post-release control term, (3) pay court costs, and (4) submit to DNA testing.

{¶4} This appeal followed.

I.

{¶5} We initially address appellant's second assignment of error wherein appellant asserts that the trial court erred by failing to comply with the R.C. 2929.19(B)(2)(c) sentencing requirements.

{¶6} Appellate courts review felony sentences under the standard outlined in R.C. 2953.08(G)(2):

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2) (e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7} Thus, an appellate court may vacate or modify a sentence if the court clearly and convincingly finds that the record does not support the trial court's findings. *State v. Long*, 4th Dist. Pickaway No. 20CA9, 2021-Ohio-2672, ¶ 26, citing *State v. Layne*, 4th Dist. Adams No. 20CA1116, 2021-Ohio-255, ¶ 6. "'This is an extremely deferential standard of review.'" *Layne* at ¶ 8, quoting *State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-4458, ¶ 8. Moreover, clear and convincing evidence is proof that is more than a "mere preponderance of the evidence" but not of such certainty as "beyond a reasonable doubt," and produces in the mind a "firm belief or conviction" as to the facts sought to be established.

ADAMS, 21CA1147

*State v. Conant,* 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 42; *Long* at ¶ 8.

**{¶8}** R.C. 2929.19(B)(2)(c) outlines notifications the trial court must provide pursuant to subsections (B)(1) and (2) which require the court to notify the offender at the sentencing hearing of the following:

> (c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:
>
> (I) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i)of this section if, at the hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i)

and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶9} In the case sub judice, appellee concedes that, although the trial court informed appellant that he would be subject to the indefinite sentence, the court did not provide appellant the remainder of the required R.C. 2929.19(B)(2)(c) notifications. Our review of the transcript reveals that the trial court did consider the R.C. 2929.11 purposes and principles of felony sentencing, the R.C. 2929.12 "seriousness of recidivism factors", and the R.C. 2929.13 "guidance factors." The court further found that appellant is not amenable to community control sanctions and "is subject to a mandatory sentencing, a prison sentence is appropriate. I'm going to impose a sentence of four to six years mandatory incarceration." In addition, the court informed appellant (1) he will be subject to mandatory post release control for up to three years but not less than 18 months, and (2) the consequences of violating post-release control. However, as appellee acknowledges, the court did not provide all of the R.C. 2929.19(B)(2)(c) notifications.

{¶10} As appellee observes, this court held in *State v. Long*, *supra,* 2021-Ohio-2672, that if a trial court fails to provide

notice of all R.C. 2929.19(B)(2)(c) notifications at a sentencing hearing, the sentence is contrary to law. *Long* at ¶ 29; citing *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶ 33-37.

**{¶11}** Therefore, based upon the foregoing reasons, we sustain appellant's second assignment of error, vacate appellant's sentence and remand the matter for resentencing.

## II.

**{¶12}** In his first assignment of error, appellant asserts that (1) the Reagan Tokes Act is unconstitutional, and (2) the trial court's sentence under that Act constitutes plain error. In particular, appellant contends that the Act violates the separation of powers doctrine and appellant's procedural due process rights.

**{¶13}** The Reagan Tokes Law requires that a court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a) for a first or second-degree felony committed on or after March 22, 2019, impose a minimum prison term under that provision and a maximum prison term determined under R.C. 2929.144(B). R.C. 2929.144(C). A presumption exists that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). A presumptive earned early release date is determined under procedures described in R.C.

2967.27(F), which allows the sentencing court to reduce the minimum prison term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Correction (DRC) may rebut the presumption if it determines that one or more statutorily numerated factors apply. R.C. 2967.271(C). If DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term, or the presumptive earned early release date, for a reasonable period, determined and specified by DRC, that "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1). *See Conant*, *supra*, 2020-Ohio-4319 at ¶ 36; *State v. Hearn*, 4th Dist. Washington No. 20CA7, 2021-Ohio-594, ¶ 26.

{¶14} Until recently, there had been uncertainty as to whether Reagan Tokes Act constitutional challenges are ripe for review. However, in *State v. Maddox*, ___ Ohio St.3d ____, 2022-Ohio-764, N.E.3d ___ , at ¶ 21, the Supreme Court of Ohio found the issue of the constitutionality of an indeterminate sentence imposed under R.C. 2967.271 ripens at the time of sentencing and, thus may be challenged on direct appeal.

{¶15} Although the constitutionality of a statute presents a question of law the appellate courts review de novo, *Hayslip v. Hanshaw*, 2016-Ohio-3339, 54 N.E.3d 1272, ¶ 27 (4th Dist.), in light of our resolution of appellant's second assignment of error and remand for resentencing, we need not reach the merits of this

ADAMS, 21CA1147

assigned error. *See* App.R. 12(A)(1)(c). Therefore, we conclude that appellant's first assignment of error is moot.

{¶16} Accordingly, based upon the foregoing reasons, we reverse the trial court's judgment and remand for resentencing consistent with this opinion.

JUDGMENT REVERSED AND CAUSE REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.

ADAMS, 21CA1147

JUDGMENT ENTRY

It is ordered that the judgment be reversed and the matter be remanded for resentencing consistent with this opinion.  Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                              Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal

ADAMS, 21CA1147

commences from the date of filing with the clerk.