[Cite as *State v. Greene*, 2022-Ohio-4536.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220160<br>TRIAL NO. B-2001740 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| TOMMY GREENE, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: December 16, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christopher Bazeley*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} After an indictment for murder and felonious assault, defendant-appellant Tommy Greene entered into a plea agreement with a recommended sentence of 17 years, and an acknowledgement that he faced a potential sentence range of 17 to 22 ½ years. Although the trial court entered the 17 to 22 ½ year sentence consistent with the Reagan Tokes Law, Mr. Greene appeals, claiming that the court erred in not orally advising him of certain statutorily-required notifications, and he challenges the constitutionality of the Reagan Tokes Law. We reject Mr. Greene's constitutional challenges, consistent with our recent decision in *State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962. However, with respect to the sentencing colloquy, in line with the state's concession, we conclude that the trial court neglected to mention certain requirements at the sentencing hearing. We accordingly reverse the trial court's judgment in part, remanding this matter solely for resentencing to allow the court to comply with R.C. 2929.19(B)(2)(c). We otherwise affirm the trial court's judgment.

I.

{¶2} After the killing of Fred Spivey in April 2020, Mr. Greene was indicted in May of that year with one count of murder, under R.C. 2903.02, two counts of felonious assault, under R.C. 2903.11, and one charge of having a weapon under a disability, under R.C. 2923.13. Mr. Greene and the state eventually reached an agreement in which he would plead guilty to the charge of voluntary manslaughter and an accompanying firearms specification, and the weapons under disability charge. As part of the agreement, the state agreed to recommend a prison sentence of 17 years.

2

**{¶3}** At the sentencing hearing, the court walked through the plea colloquy with Mr. Greene, informing him of his rights and the ramifications of his plea. During the colloquy, the trial court referenced the "entry withdrawing plea of not guilty and entering plea of guilty, with an agreed recommended sentence" document, which embodied the plea agreement signed by Mr. Greene (the "plea entry"). The trial court proceeded to impose the 17-year sentence recommendation with a maximum sentence of 22 ½ years pursuant to the Reagan Tokes Law.

**{¶4}** Mr. Greene appeals three aspects of his sentence: that the trial court failed to advise him of the R.C. 2929.19(B)(2)(c) notifications at sentencing, even though they were reflected in the plea entry, that the hearing provision in R.C. 2967.271—an aspect of the Reagan Tokes law—is unconstitutionally vague, and that the Reagan Tokes law in general fails to withstand constitutional scrutiny.

II.

**{¶5}** Mr. Greene initially faults the trial court's failure to advise him of the R.C. 2929.19(B)(2)(c) notifications at his sentencing hearing, even though the plea entry included these admonishments. "[I]f a trial court fails to provide notice of all R.C. 2929.19(B)(2)(c) notifications at a sentence hearing, the sentence is contrary to law." *State v. Bentley,* 4th Dist. Adams No. 21CA1147, 2022-Ohio-1914, ¶ 10; *see State v. Williams*, 1st Dist. No. C-081148, 2010-Ohio-1879, ¶ 20, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 ("When the trial court fails to provide the defendant with statutorily-mandated notifications at the sentencing hearing, "the court has violated a 'statutory duty' and 'any sentence imposed without such notification is contrary to law' and void.").

{**¶6**} The statute at issue provides, in pertinent part, "[a]t the sentencing hearing, the court, before imposing sentence, *shall* do all of the following * * * [i]f the prison term is a non-life felony indefinite prison term, notify the offender of all of the [R.C. 2929.19(B)(2)(c) notifications]." (Emphasis added.) R.C. 2929.19(B)(1) and (B)(2)(c). Consistent with our own precedent and caselaw from across the state, we interpret this language as a mandatory directive.

{**¶7**} These notifications include the salient features of the Regan Tokes Law—one of the chief purposes of which is to encourage good behavior by inmates in prison: "(i) [t]hat it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence * * * ; (ii) [t]hat the department of rehabilitation and correction may rebut the presumption * * * ; (iii) [t]hat if * * * the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term * * * ; (iv) [t]hat the department may make the specified determinations and maintain the offender's incarceration * * * ; [and] (v) [t]hat if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term." R.C. 2929.19(B)(2)(c)(i)-(v).

{**¶8**} Pointing to other appellate districts, Mr. Greene maintains that the term "shall" mandates that a trial court orally provide each of the notifications to the defendant at sentencing, and that a failure to do so requires a remand for resentencing. The state concedes the point, acknowledging the need for a remand for resentencing.

4

{¶9} Since the time that the state and Mr. Greene briefed the matter, our court has now twice confirmed that trial courts must inform criminal defendants of the notifications set forth in R.C. 2929.19(B)(2)(c) at sentencing hearings. *State v. Jackson*, 1st Dist. Hamilton No. C-200332, 2022-Ohio-3449, ¶ 20 ("[T]he trial court failed to properly inform [defendant] of the notifications set forth in R.C. 2929.19(B)(2)(c) when sentencing him under the Reagan Tokes Law. When sentencing an offender to a nonlife felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c)(i)-(v) at the sentencing hearing to fulfill the requirements of the statute."); *State v. Kelly*, 1st Dist. Hamilton No. C-200013, 2022-Ohio-3628, ¶ 9 ("A trial court must advise a defendant of all five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing.").

{¶10} And our caselaw, coupled with consistent authority from other districts across the state, convinces us that a resentencing remand is required. *Bentley,* 4th Dist. Adams No. 21CA1147, 2022-Ohio-1914, at ¶ 8-10; *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 43-46; *State v. Wolfe*, 5th Dist. Licking No. 2020 CA 00021, 2020-Ohio-5501, ¶ 33-37; *State v. Gatewood*, 2d Dist. Clark No. 2021-CA-20, 2022-Ohio-2513, ¶ 1 ("The trial court failed to orally advise [defendant] of all of the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing; therefore, the matter is remanded for the sole purpose of resentencing [defendant]."); *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 24, quoting R.C. 2929.19(B)(2)(c) ("By indicating that the sentencing court 'shall do all of the following,' and 'notify the offender of all of the following' the legislature clearly placed a mandatory duty upon the trial court rather than granting it discretion. Thus, when

sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing to fulfill the requirements of the statute.").

{¶11} Because the Reagan Tokes Law, when applicable, allows the Ohio Department of Rehabilitation and Correction ("ODRC") to extend a defendant's sentence beyond the minimum term upon satisfaction of statutory criteria at a hearing, it is imperative that trial courts abide by R.C. 2929.19(B)(2)(c) and notify the defendant of the five notifications as it relates to their indefinite prison term. While the trial court did appropriately inform Mr. Greene of many sentencing requirements, it neglected to advise him orally of the R.C. 2929.19(B)(2)(c) notifications. Consistent with *Jackson*, *Kelly*, and other rulings issued by our fellow appellate courts, we sustain Mr. Greene's first assignment of error, and remand the matter solely for resentencing so that the trial court may comply with R.C. 2929.19(B)(2)(c).

III.

{¶12} In his second and third assignments of error, Mr. Greene challenges the constitutionality of the Reagan Tokes Law both generally, and specifically with respect to procedural due process and vagueness.

{¶13} Beyond the procedural due process argument, Mr. Greene fails to elucidate the contours of his constitutional argument, but we addressed such matters at length in *Guyton*. In *Guyton*, we determined that the Reagan Tokes Law is constitutional on its face and rejected claims that the law violates separation of powers, due process, or equal protection. *Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, at ¶ 69; *see State v. Reed*, 1st Dist. Hamilton No. C-200104, 2022-

6

Ohio-3986, ¶ 32. Of course, those questions are presently before the Supreme Court of Ohio, in *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.), *appeal allowed*, *State v. Hacker*, 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 585, and in *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.), *appeal allowed*, *State v. Simmons*, 163 Ohio St.3d 1492, 2021-Ohio-2270, 169 N.E.3d 1273, so we will receive additional guidance in the near term.

{¶14} Mr. Greene sharpens his attack with respect to R.C. 2967.271, a provision that he criticizes as "vague." That section concerns the rebuttable presumption created under the Reagan Tokes Law that an offender "shall be released from service of the sentence on the expiration of [their] minimum prison term or on [their] presumptive earned early release date, whichever is earlier." R.C. 2967.271(C). The ODRC may rebut the presumption by demonstrating certain delineated factors "at [a] hearing[.]" R.C. 2967.271(C)(1). The vagueness and imprecision in the "hearing," combined with the lack of any concomitant procedures, attracts Mr. Greene's ire.

{¶15} Even though we did not address Regan Tokes through the "vagueness" lens, we rejected this procedural due process argument in *Guyton*. We fully considered the procedural due process ramifications of the Reagan Takes Law and found the facial challenge brought by the defendant there (and Mr. Greene only advances a facial challenge here) misguided: "[w]e do not discern any provision in the Reagan Tokes Law that overcomes the strong presumption an offender will be afforded the requisite process due at all stages of the indeterminate sentencing scheme, including during any administrative proceedings." *Guyton* at ¶ 45. "Ultimately, we must presume that the ODRC will fill in the 'gaps' to execute the law such that offenders are afforded due process before depriving an offender of the statutory liberty

7

interest created by the Reagan Tokes Law. R.C. 5120.01 [the code section conferring the duties of the director of the ODRC] authorizes the ODRC to do so, and we must read that statute in conjunction with R.C. 2967.271." *Id.* at ¶ 55. We therefore reject Mr. Greene's constitutional challenges to the Reagan Tokes Law, overruling his second and third assignments of error.

\* \* \*

{¶16} In summary, we overrule Mr. Greene's second and third assignments of error and sustain his first assignment of error. The judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded to the trial court solely for resentencing, so that the trial court may comply with R.C. 2929.19(B)(2)(c).

Judgment affirmed in part, reversed in part, and cause remanded.

**MYERS, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.