[Cite as *State v. McCain*, 2023-Ohio-1573.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                          :

     Plaintiff-Appellee,                        :

     v.                                                     :

                      No. 111980

KARMONE MCCAIN,                                  :

     Defendant-Appellant.                      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 11, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-667831-A and CR-22-668061-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jonathan Block, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Michael V. Wilhelm, Assistant Public Defender, *for
appellant.*

ANITA LASTER MAYS, A.J.:

{¶ 1} Plaintiff-appellant Karmone McCain ("McCain") filed this appeal of

the trial court's sentence under S.B. 201 known as the Reagan Tokes Law ("Reagan

Tokes") on the ground that the law is unconstitutional. We affirm.

## I. Facts and Procedural History

{¶ 2} McCain pleaded guilty to and was sentenced on multiple charges in the underlying cases, several of which were subject to the imposition of Reagan Tokes.

{¶ 3} In Cuyahoga C.P. No. CR-22-667831-A, McCain was charged with attempted kidnapping, R.C. 2932.02 and 2905.01, a second-degree felony; robbery, R.C. 2911.02(A)(2), a second-degree felony; intimidation of a crime victim or witness, R.C. 2921.04(B)(1), a third-degree felony; theft, aggravated theft, R.C. 2913.02(A)(1), a fifth-degree felony; and assault, R.C. 2903.13, a first-degree misdemeanor. Journal entry No. 128567998, p. 1. (Aug. 31, 2022). In Cuyahoga C.P. No. CR-22-668061-A, McCain was charged with felonious assault, R.C. 2903.11(A)(1), a second-degree felony; and abduction, R.C. 2905.02 (A)(2), a third-degree felony. Journal entry No. 128567730, p. 1 (Aug. 31, 2022).

{¶ 4} The trial court advised McCain of the Reagan Tokes notifications during McCain's plea and sentencing as required by R.C. 2929.19(B)(2)(c).[1] McCain objected to imposition of Reagan Tokes and argues on appeal that the trial court violated McCain's constitutional rights by imposing a Reagan Tokes sentence under S.B. 201. Specifically, McCain argues that Reagan Tokes violates the: (1) right to

---

[1] The failure of a trial court to notify a defendant of all R.C. 2929.19(B)(2)(c) notifications at both the plea hearing and the sentencing hearing renders the sentence contrary to law. *See State v. Gates*, 8th Dist. Cuyahoga No. 110616, 2022-Ohio-1666; *State v. Bentley*, 4th Dist. Adams No. 21CA1147, 2022-Ohio-1914.

trial by jury; (2) separation-of-powers doctrine; and (3) due process guarantees. McCain also states that severance is not an appropriate remedy.

{¶ 5} McCain generally advances that this court's analysis in the original *State v. Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.), was correct. While this writer may certainly agree, based on the authority established by this court's en banc holding in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), the challenges advanced by McCain have been overruled. *See id.* at ¶ 17-54.

{¶ 6} McCain's assigned errors lack merit. The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
MICHAEL JOHN RYAN, J., CONCUR

N.B. Administrative Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).

Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.