**[Cite as *State v. Leonard*, 2024-Ohio-2817.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230589 |
| | | TRIAL NO. B-2203839 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BLAKE LEONARD, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                            Remanded

Date of Judgment Entry on Appeal: July 26, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and  *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Schuh & Goldberg, LLP,* and *Brian T. Goldberg*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Blake Leonard appeals the judgment of the Hamilton County Court of Common Pleas convicting him of rape. In three assignments of error, he argues that the indictment and bill of particulars were too vague to enable him to adequately prepare a defense; he contests the sufficiency and weight of the evidence underlying his conviction; and he argues that the trial court failed to comply with the sentencing requirements contained in R.C. 2929.19(B)(2)(c). We agree with Leonard that his sentence is contrary to law, because the trial court failed to inform him of all the statutorily-required sentencing notifications. Accordingly, we remand this matter for the limited purpose of permitting the trial court to provide the sentencing notifications required under the Reagan Tokes Law. We affirm the trial court's judgment in all other respects.

## Factual and Procedural Background

{¶2} Leonard was indicted for one count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony, and the indictment stated that the offense occurred on or about December 15, 2021. Leonard then opted to proceed to a bench trial. At trial, the state presented the testimony of the victim and Lieutenant Kevin Corbett of the Loveland Police Department.

{¶3} The victim testified that she had been dating Leonard since 2019, and they had consensual sex over several hundred times during their relationship. She explained that sometimes Leonard would cover her mouth with his hand, or she would cover his mouth with her hand to keep each other quiet so family members would not hear them.

{¶4} She testified on cross-examination that she remembered that the rape had occurred shortly before her birthday, which was December 2. The victim explained that the rape occurred when Leonard had been spending the night at her home. Prior to going to sleep, Leonard had asked the victim to have sex and she said no. Approximately one and a half hours later, the victim awoke to Leonard on top of her engaging in vaginal intercourse. The victim immediately said "no" and "stop." He then covered her mouth with his hand. She tried to push him off but was unable to do so.

{¶5} Lieutenant Corbett testified that the victim reported the crime in August 2022, approximately nine months after it had occurred. In his investigation, he separately interviewed the victim and Leonard and obtained a search warrant for Leonard's cell phone. On both Leonard's phone and the victim's phone, there were numerous text messages, beginning around the middle of December 2021, where Leonard confesses to raping the victim and asks for her forgiveness.

{¶6} Corbett testified that during the interview with Leonard, Leonard admitted to raping the victim, who was his girlfriend at the time. Corbett informed Leonard that the victim was unsure of the exact date of the rape, but Corbett testified that Leonard had agreed that the rape occurred between November 2021 and December 2021.

{¶7} Leonard initially told Corbett that he had a disorder called "sexsomina" and did not realize that he had raped the victim, but by the end of the interview, Leonard stated that he did not have that disorder. Leonard also expressed regret over raping the victim and told Corbett that the rape was a result of his pornography addiction.

{¶8} The defense presented the testimony of Zachary Waddell who has known Leonard for ten years. Waddell testified that he was also friends with the victim, and the victim often drove him to work in exchange for cash. Waddell testified that in March of 2022, while the victim was driving him home, she told him that as long as Leonard allowed her to keep using his credit card on her Apple Pay, she would not press charges for the rape.

{¶9} The trial court found Leonard guilty of one count of rape and sentenced him to an indefinite prison term of four-to-six years. During the sentencing hearing, the trial court gave an abbreviated version of the notifications required under the Regan Tokes Law.

**Vagueness of Indictment**

{¶10} In his first assignment of error, Leonard asserts that the indictment and bill of particulars were too vague to enable him to prepare a defense and because of the vagueness of the indictment, Leonard was convicted of a crime that was never presented to the grand jury.

{¶11} Because Leonard failed to object below or move to dismiss the indictment, he has waived all but plain error. Crim.R. 52(B). "To establish plain error, a defendant must show that (1) there was an error or deviation from a legal rule, (2) the error was plain and obvious, and (3) the error affected the outcome of the trial. *State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, 88 N.E.3d 935, ¶ 26, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶12} Leonard argues that the incorrect date listed in the indictment and the bill of particulars prejudiced his ability to present a meaningful defense at trial. But "[w]here the exact date and time of an offense are not material elements of a crime nor

essential to the validity of a conviction, the failure to prove such is of no consequence and it is sufficient to prove that the alleged offense occurred at or about the time charged." *State v. Ibrahim*, 8th Dist. Cuyahoga No. 102114, 2015-Ohio-3345, ¶ 32, citing *State v. Madden*, 15 Ohio App.3d 130, 131, 472 N.E.2d 1126 (12th Dist.1984). With respect to the offense of rape, the precise date that it occurred is not an essential element of the crime. *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985); *In re N.Z.*, 11th Dist. Lake Nos. 2010-L-023, 2010-L-35 and 2010-L-041, 2011-Ohio-6845, ¶ 53 ("[T]he specific date of sexual conduct is not an element of rape as defined in R.C. 2907.02(A)(2)."). Further, an indictment is not invalid for stating the time of the offense imperfectly. *See* R.C. 2941.08(C).

{¶13} Here, Leonard has not met the plain-error standard. First, there was no deviation from a legal rule because the indictment and bill of particulars were valid even with an imperfect date of the crime. Second, the inclusion of an imprecise date was not an obvious error because Leonard agreed that the rape had occurred between November 2021 and December 2021. Third, there is no evidence in the record that the lack of a specific date deprived him of preparing a defense. Although Leonard argues that he could have filed an alibi defense if he had known the exact date, that argument is speculative at best.

{¶14} Because Leonard has not demonstrated that but for the imprecise date in the indictment the outcome of the trial would have been different, we overrule his first assignment of error.

**Sufficiency and Weight of the Evidence**

{¶15} In his second assignment, Leonard challenges the sufficiency and weight of the evidence supporting his conviction.

In a challenge to the sufficiency of the evidence, the question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. In reviewing a challenge to the weight of the evidence, we sit as a 'thirteenth juror.' We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.

(Citations omitted.) *State v. Baxter*, 1st Dist. Hamilton No. C-180575, 2019-Ohio-4855, ¶ 7.

{**¶16**} To find Leonard guilty of rape in violation of R.C. 2907.02(A)(2), the state had to prove that Leonard purposely engaged in vaginal intercourse with the victim by compelling her to submit by force or threat of force.

{**¶17**} Viewing the evidence in a light most favorable to the state, we hold that there was sufficient evidence to support Leonard's conviction. The victim testified that despite telling Leonard she did not want to have sex, she awoke later in the night to Leonard on top of her engaging in vaginal intercourse. She said "no" and told him to "stop" but Leonard just covered her mouth with his hand. She then tried to push him off, but she was unable to do so.

{**¶18**} With respect to the weight of the evidence, we cannot say that the trial court lost its way and created a manifest miscarriage of justice by finding Leonard guilty of rape given his confession to police and the numerous text messages on his phone asking the victim to forgive him for raping her.

{**¶19**} The second assignment of error is overruled.

**Sentencing Notifications**

**{¶20}** In his third and final assignment, Leonard argues that his indefinite sentence is contrary to law because the trial court failed to properly inform him of the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing. These notifications involve details about the indefinite-sentencing scheme contained in the Reagan Tokes Law. The state acknowledges that the trial court did not fully comply with the statute but argues that the simplified form of the notifications given by the trial court was sufficient. We are unpersuaded.

**{¶21}** A trial court must advise a defendant of all five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing. *State v. Jackson*, 1st Dist. Hamilton No. C-200332, 2022-Ohio-3449, ¶ 20. The failure to advise the defendant of any of the five notifications constitutes an error, and a remand is necessary for the limited purpose of permitting the sentencing court to provide the mandatory notifications.

**{¶22}** In *State v. Greene*, 1st Dist. Hamilton No. C-220160, 2022-Ohio-4536, ¶ 7, we noted that "these notifications include the salient features of the Regan Tokes Law—one of the chief purposes of which is to encourage good behavior by inmates in prison." The notifications include:

(i)     [t]hat it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence * * *;

(ii)    [t]hat the department of rehabilitation and correction may rebut the presumption * * * if, at a hearing * * * the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to

society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) [t]hat if * * * the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term * * *;

(iv) [t]hat the department may make the specified determinations and maintain the offender's incarceration * * * more than one time;

(v) [t]hat if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v).

{¶23} Here, the trial court did not fully comply with the required notifications. Instead, the trial court gave a simplified form of the notifications:

The Ohio Department of Corrections is going to determine whether or not you serve any time above the four years. There is a rebuttable presumption that you'll be released after the four-year period; however, they may rebut this presumption. You'll have a hearing before that happens. But at the end of the day, it's the Ohio Department of Corrections that will determine whether or not you serve any time over those four years, up to six years in the Ohio Department of Corrections.

**{¶24}** The court's notification did not inform Leonard of the circumstances that would cause the Ohio Department of Rehabilitation and Correction ("ODRC") to extend his sentence above the minimum. *See* R.C. 2929.19(B)(2)(c)(ii). Given that one of the main purposes of the notifications is to encourage good behavior while in prison, it is pertinent for a defendant to understand that the ODRC could increase a defendant's sentence above the minimum based on the defendant's conduct in prison, the defendant's rehabilitation, the defendant's threat to society, the defendant's classification or whether defendant was placed in restrictive housing in prison. The court's notification also failed to inform Leonard that the ODRC could extend his sentence more than once, *see* R.C. 2929.19(B)(2)(c)(iv). Accordingly, we hold that the trial court did not comply with the required notifications under R.C. 2929.19(B)(2)(c).

**{¶25}** Therefore, we sustain Leonard's third assignment of error and remand this cause for the trial court to comply with R.C. 2929.19(B)(2)(c).

### Conclusion

**{¶26}** Based on the foregoing, we reverse the trial court's judgment in part and remand this matter for the limited purpose of permitting the sentencing court to provide the mandatory notifications as required by R.C. 2929.19(B)(2)(c). We affirm the court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **CROUSE, J.**, concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.