[Cite as *State v. Long*, 2022-Ohio-3212.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 20CA9 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| KEJUAN J. LONG, | : | |
| Defendant-Appellant. | : | **RELEASED 9/13/2022** |

_____
APPEARANCES:

Mark J. Miller, Columbus, Ohio, for appellant.

Judy C. Wolford, Pickaway County Prosecutor, Heather MJ Carter, Assistant Pickaway County Prosecutor, Circleville, Ohio, for appellee.
_____
Hess, J.

**{¶1}** This case comes before this Court from the judgment entered by the Supreme Court of Ohio on April 27, 2022, remanding this case for this Court to consider whether the challenged provisions of the Reagan Tokes Law are constitutional.

**{¶2}** Kejuan J. Long appealed his convictions for having weapons while under disability, possession of cocaine with a forfeiture specification, and aggravated trafficking in drugs with a forfeiture specification. In his direct appeal, Long challenged his sentence on the ground that the Reagan Tokes Law was unconstitutional. We overruled this assignment of error because we held that the question of the constitutionality of the Reagan Tokes Law was not ripe for review. However, The Supreme Court of Ohio reversed this Court's decision on the issue of ripeness and remanded to this Court with

instructions to issue a ruling on the constitutionality of the Reagan Tokes Law. *In re Cases Held for the Decision in State v. Maddox,* __Ohio St.3d__, 2022-Ohio-1352, __N.E.3d__.

## I. PROCEDURAL HISTORY

{¶3}   The Pickaway County grand jury indicted Long on nine counts, including one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony; one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony; one count of trafficking in cocaine with a forfeiture specification in violation of R.C. 2925.03(A)(2)/(C)(4)(d), a second-degree felony; one count of possession of cocaine with a forfeiture specification in violation of R.C. 2925.11(A)/(C)((4)(c), a third-degree felony; one count of aggravated trafficking in drugs with a forfeiture specification in violation of R.C. 2925.03(A)(2)/(C)(1)(c), a second-degree felony; one count of aggravated possession of drugs with a forfeiture specification in violation of R.C. 2925.11(A)(/(C)(1)(b) a third-degree felony; one count of endangering children in violation of R.C. 2919.22(A), a third-degree felony; one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2)/(C)(4)(f), a first-degree felony; and one count of possession of cocaine in violation of R.C. 2925.11(A)/(C)(4)(e), a first-degree felony. Long initially pleaded not guilty. Long and the state entered into a plea agreement under which Long pleaded guilty to three of the charges: having weapons while under disability, a third-degree felony; possession of cocaine with forfeiture specification, a third-degree felony; and aggravated trafficking in drugs with specification, a second-degree felony. In exchange, the state agreed to dismiss the remaining six counts. The trial court accepted Long's guilty plea and sentenced him to a 12-month prison term for having weapons while under disability, a 24-month prison term for possession of cocaine, and a mandatory

minimum six-year prison term up to a maximum nine-year prison term for aggravated trafficking in drugs, all to be served concurrently.

## II.  ASSIGNMENTS OF ERROR

**{¶4}**   Long assigned the following errors for our review:

I. As amended by the Reagan Tokes Act, the Ohio Revised Code's sentences for first and second degree qualifying felonies violates the Constitutions of the United States and the State of Ohio, and constitutes plain error.

II. The trial court failed to substantially comply with Ohio Criminal Rule 11 in accepting Appellant's guilty plea.

III. Appellant's sentence under The Reagan Tokes Act is contrary to law, in that the trial court failed to comply with the sentencing requirements contained in R.C. 2929.19(B)(2)(c).

**{¶5}**   We addressed Long's second and third assignments of error in *State v. Long,* 4th Dist. Pickaway No. 20CA9, 2021-Ohio-2672. In addressing Long's second assignment of error concerning the trial court's acceptance of his guilty plea, we found that even if the trial court's explanation of the maximum sentence did not comply fully with Crim.R. 11(C)(2)(a), Long must show that he was prejudiced but he failed to do so. We found nothing in the record indicating that Long would not have entered his plea had he been given a more straightforward explanation of the indefinite sentencing scheme. Because Long did not establish prejudice, we determined that he was not entitled to have his guilty plea vacated for failure to comply with Crim.R. 11(C)(2)(a). We overruled his second assignment or error. *Long* at ¶ 21-23. However, we sustained his third assignment or error. We found that Long's sentence was contrary to law because the trial court failed to provide notice at the sentencing hearing of ODRC's rebuttal of the presumption as required by subpart (B)(2)(c). *Long* at ¶ 28-30. Thus we affirmed the trial court's judgment

in part, vacated it in part, and remanded for further proceedings consistent with the opinion.

**{¶6}** The Supreme Court of Ohio's decision in *State v. Long, supra*, reviewed and reversed only our decision on Long's first assignment of error in which we found that his challenge to the constitutionality of the Reagan Tokes Law was not ripe for review. Thus, upon remand we review only Long's first assignment of error.

### III. REAGAN TOKES LAW

**{¶7}** In his first assignment of error, Long contends that the Reagan Tokes Law violates the separation of powers doctrine, due process and his right to a jury trial because R.C. 2967.271(C)(1) allows ODRC to extend a prison sentence if it determines, among other things, that the offender committed an unprosecuted violation of the law.

**{¶8}** For the reasons stated in *State v. Bontrager*, 2022-Ohio-1367, 188 N.E.3d 607, ¶ 34-49 (4th Dist.), we find the Reagan Tokes Law does not violate Long's constitutional rights to due process and trial by jury, and does not violate the constitutional requirement of separations of powers. We note that the Reagan Tokes Law has been found constitutional by the Second, Third, Fifth, Sixth, and Twelfth Districts and also by the Eighth District sitting en banc. *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.); *State v. Ratliff,* 5th Dist. Guernsey No. 21CA16, 2022-Ohio-1372; *State v. Maddox,* 2022-Ohio-1350, 188 N.E.3d 682 (6th Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.).

**{¶9}** We overrule Long's first assignment of error.

### IV. CONCLUSION

{¶10} We overrule Long's first and second assignments of error and sustain his third assignment of error. We affirm the trial court's judgment in part, vacate it in part, and remand for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART AND VACATED IN PART.
CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND VACATED IN PART. CAUSE REMANDED. Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**