[Cite as *State v. McCartney*, 2023-Ohio-4260.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,           : CASE NO. 22CA3

    v.                            :

JAMES H. McCARTNEY,                     : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.          :

_____

APPEARANCES:

James H. McCartney, Marion, Ohio, Pro Se.[1]

Anneka P. Collins, Highland County Prosecuting Attorney, and Adam
J. King, Assistant Prosecuting Attorney, Hillsboro, Ohio, for
appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:11-16-23
ABELE, J.

{¶1}  This is an appeal from a Highland County Common Pleas

Court judgment of conviction and sentence for trafficking in

persons and pandering obscenity involving a minor.  James H.

McCartney, defendant below and appellant herein, assigns five

errors for review:

_____

[1] Steven H. Eckstein, Washington Courthouse, Ohio, also for
appellant.  Appellant filed his pro se brief and included an
assignment of error regarding his inability to procure the services
of appointed counsel to represent him in his direct appeal.  We
address this issue *infra* under appellant's Fifth Assignment of
Error.

FIRST ASSIGNMENT OF ERROR:

"REAGAN TOKES LAW IS UNCONSTITUTIONAL."

SECOND ASSIGNMENT OF ERROR:

"THE ACT VIOLATES THE SEPARATION OF POWERS
DOCTRINE AND APPELLANT'S PROCEDURAL DUE PROCESS
RIGHTS."

THIRD ASSIGNMENT OF ERROR:

"TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE
OF COUNSEL, IN VIOLATION OF HIS CONSTITUTIONAL
RIGHTS, SIXTH AND FOURTEENTH AMENDMENTS, UNITED
STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND
16, OHIO CONSTITUTION."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT FAILED TO ORDER
A COMPETENCY EVALUATION OF THE DEFENDANT PRIOR
TO HIS CHANGE OF PLEA."

FIFTH ASSIGNMENT OF ERROR:

"TRIAL COURT ABUSED ITS DISCRETION WHEN IT
DENIED APPELLANT HIS RIGHT TO THE APPOINTMENT
OF COUNSEL PURSUANT TO CRIM.R. 44."

{¶2} In April 2021, a Highland County Grand Jury returned an indictment that charged appellant with (1) one count of trafficking in persons in violation of R.C. 2905.32(A)(2)(a), a first-degree felony, and (2) 15 counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), all fourth-degree felonies. Appellant entered a not guilty plea and the trial court appointed counsel.

{¶3} Subsequently, the trial court granted counsel's request for a psychiatric evaluation to determine appellant's competency to

stand trial.  On May 27, 2021, the court held a hearing and found appellant competent to stand trial.

{¶4}  At his change of plea hearing, appellant entered negotiated guilty pleas to (1) one count of trafficking in persons in violation of R.C. 2905.32(A), a first-degree felony, and (2) four counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), all fourth-degree felonies.  The trial court sentenced appellant to serve (1) ten years in prison for human trafficking, (2) six months in prison on each pandering obscenity charge, with the sentences to be served consecutively, and (3) a mandatory five-year postrelease control term.  The court also designated appellant a Tier III registered sex offender.  Consequently, the court sentenced appellant to serve the jointly recommended 12-year prison sentence.  This appeal followed.

I.

{¶5}  Because appellant's first two assignments of error are related, we address them together.  Appellant asserts that the Reagan Tokes Law is unconstitutional because it violates the separation of powers doctrine and appellant's procedural due process rights.

{¶6}  As appellee points out, because appellant did not raise these issues during the trial court proceeding we are limited to a plain error review.  However, Crim.R. 52(B) affords appellate

courts discretion to correct "[p]lain errors or defects affecting substantial rights," notwithstanding an accused's failure to meet the obligation to bring those errors to the trial court's attention. An accused bears the burden of proof to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *State v. Rogers,* 143 Ohio St.3d 385*,* 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. However, even if the error is obvious, it must have affected substantial rights. The Supreme Court of Ohio has "interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Rogers* at ¶ 22, citing *Barnes*. Appellate courts are "to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes,* 94 Ohio St.3d at 27, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Thus, our review in the case sub judice is limited to plain error.

{¶7} Turning to appellant's argument, in *State v. Bontrager*, 2022-Ohio-1367, 188 N.E.3d 607 (4th Dist.), we determined that the Reagan Tokes Law does not violate constitutional rights to due process and trial by jury, nor does it violate the constitutional

requirement of separation of powers. *Id.* at ¶ 49. As we observed

in *State v. Long*, 4th Dist. Pickaway No. 20CA9, 2022-Ohio-3212 at ¶

8:

> We note that the Reagan Tokes Law has been found constitutional by the Second, Third, Fifth, Sixth, and Twelfth Districts and also by the Eighth District sitting en banc. *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.); *State v. Ratliff*, 5th Dist. Guernsey No. 21CA16, 2022-Ohio-1372; *State v. Maddox*, 2022-Ohio-1350, 188 N.E.3d 682 (6th Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.).

**{¶8}** Moreover, in *State v. Hacker*, ___Ohio St.3d___, 2023-

Ohio-2535, ___N.E.2d___, the Supreme Court of Ohio recently

resolved the conflict among Ohio appellate courts and determined

that Ohio's Reagan Tokes Law passes constitutional muster. In

particular, the court held that the law does not violate the

separation of powers doctrine, does not violate a defendant's right

to a jury trial, does not violate a defendant's due process rights

and is not void for vagueness.

**{¶9}** Accordingly, based upon the foregoing reasons, we

overrule appellant's first and second assignments of error.

II.

**{¶10}** In his third assignment of error, appellant asserts that

trial counsel rendered ineffective assistance of counsel when

counsel failed to argue that the Reagan Tokes Law is

unconstitutional.  However, as we point out in our analysis of appellant's first and second assignments of error, many courts have upheld the constitutionality of the Reagan Tokes Law.  *See Bontrager*, 2022-Ohio-1367, at ¶ 49.  Thus, this argument is without merit.

**{¶11}** In addition, appellant argues that the trial court failed to comply with Crim.R. 11 when it accepted his pleas.  Thus, we assume that he argues that his counsel should have raised this issue.

Crim.R. 11(C)(2) provides:

(1) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

We observe that appellant's plea and his signed written plea

agreement, which is included in the record, provides:

> I understand by pleading guilty I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me. I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge.
>
> By pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt. I know the judge may either sentence me today or refer my case for a pre-sentence report. I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence. I understand the consequences of a conviction upon me if I am not a U.S. citizen.
>
> I enter this plea voluntarily.

**{¶12}** Appellant appears to offer a general assertion that the trial court failed to comply with Crim.R. 11 during the plea hearing, but does not set forth any specific complaint or precise argument to identify any deficiency with his guilty pleas. Moreover, our review reveals that the court engaged in an extensive dialogue with appellant and trial counsel to ensure that appellant fully understood the charges and the ramifications of his guilty pleas. Consequently, we believe that appellant entered knowing, intelligent and voluntary pleas. Therefore, we find no merit in appellant's claims that (1) trial counsel's failure to challenge the constitutionality of the Reagan Tokes Law constitutes

ineffective assistance of counsel, and (2) he did not enter a voluntary plea.

{¶13} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.

### III.

{¶14} In his fourth assignment of error, appellant asserts that the trial court erred when it failed to order a competency evaluation prior to his change of plea. Appellant contends that the trial court had a duty to sua sponte order a competency evaluation because he previously entered guilty pleas to similar charges on two separate occasions and was "obviously in need of mental health treatment due to this irrational behavior."

{¶15} As appellee points out, however, appellant omits that (1) on April 20, 2021, counsel filed a motion for psychiatric evaluation to determine appellant's competency to stand trial and, (2) on April 21, 2021, the trial court ordered the evaluation. The record also reflects that the court set a hearing to consider the evaluation and, on May 27, 2021, issued an entry that referred to a hearing to consider appellant's Forensic Evaluation Service Center evaluation and found appellant competent to stand trial. Thus, it appears that appellant did receive a competency evaluation and the evaluator recommended that appellant be found competent to stand trial. It further appears that the court held a hearing to consider the evaluation and determined appellant competent to stand

trial. No other indication appears in the record to suggest that appellant's competency should have been questioned at the change of plea hearing.

{¶16} Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error.

IV.

{¶17} In his final assignment of error, appellant asserts that the trial court abused its discretion when it denied his motion for appointment of appellate counsel. Appellant contends that he filed a motion for appointed counsel with his motion for leave to file a delayed appeal with this court on April 25, 2022.

{¶18} On May 19, 2022, this court granted appellant's motion for delayed appeal. After appellant filed his pro se brief and raised the issue of appointed counsel, this court granted appellant's request for the appointment of appellate counsel. Subsequently, appointed counsel submitted to this court on August 4, 2023 a statement that, after counsel reviewed the transcript of the proceedings, reviewed the appellate brief, and conferred with appellant, counsel requested that the matter be submitted to the court for decision and judgment.

{¶19} Accordingly, based upon the foregoing reasons, we overrule appellant's final assignment of error and affirm the trial court's judgment.                    JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                              Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.