[Cite as *State v. Henslee*, 2017-Ohio-5786.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. HoffmanP.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ERIC A. HENSLEE | : | Case No. CT2017-0009 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Court of Common
Pleas, Case No. CR2016-0375

JUDGMENT:         Affirmed

DATE OF JUDGMENT:         July 10, 2017

APPEARANCES:

For Plaintiff-Appellee         For Defendant-Appellant

GERALD V. ANDERSON II         TONY A. CLYMER
27 North Fifth Street         140 Matthias Drive
P. O. Box 189         Columbus, OH  43224
Zanesville, OH  43702-0189

*Wise, Earle, J.*

{¶ 1} Plaintiff-Appellant, Eric A. Henslee appeals the February 2, 2017 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} In the early morning hours of September 14, 2016, appellant and a co-defendant broke into a Muskingum County business. The two removed a safe, which they broke open at a second location, taking the more than $5,000.00 in cash they discovered inside.

{¶ 3} The Muskingum County Grand Jury later returned an indictment charging appellant with one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, one count of theft in violation of R.C.2913.02(A)(1), a felony of the fifth degree, and one count of safecracking in violation of R.C. 2911.31(A), a felony of the fourth degree.

{¶ 4} On December 19, 2016, following plea negotiations with the state, appellant pled guilty as charged for a joint recommendation of community control and restitution. The trial court accepted appellant's pleas and ordered a presentence investigation and a drug and alcohol evaluation.

{¶ 5} While being held at the jail pending the presentence investigation and evaluations, appellant accrued seven behavioral infractions. On the day of sentencing, the trial court rejected the recommendation for community control, sentenced appellant to nine months incarceration for each charge, and ordered appellant to serve the sentences concurrently. The trial court made no findings before imposing a prison

sentence for the fourth and fifth degree felonies, and appellant did not object to the sentence imposed.

{¶ 6} Appellant filed an appeal and the matter is now before this court for consideration. The sole assignment of error is as follows:

I

{¶ 7} THE TRIAL COURT ERRED BY NOT CONSIDERING THE PRINCIPLES AND PURPOSES OF SENTENCING WHICH INCLUDES UTILIZING THE MINIMUM SANCTIONS AVAILABLE TO PUNISH APPELLANT RENDERING THE SENTENCE CONTRARY TO LAW."

{¶ 8} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 9} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 10} This appeal shall be considered in accordance with the aforementioned rules.

{¶ 11} When reviewing felony sentences we apply the standard of review set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) specifies that an appellate court may increase,

reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law." See *State v. Valazquez*, 5th Dist. Muskingum, 2016-Ohio-5203, ¶ 20.

{¶12} Appellant failed to object at his sentencing hearing and therefore has forfeited all but plain error. He argues that the trial court committed plain error because 1) it failed to consider the purposes and principals of sentencing required by R.C 2929.11 and R.C. 2929.12, and 2) failed to make any of the findings required under R.C. 2929.13(B)(1)(b) before sentencing him to prison.

{¶13} To recognize plain error, we must find obvious error affecting such substantial rights that the error was outcome-determinative. *State v. Noling*, 98 Ohio St.3d 44, 781 N.E.2d 88, 2002-Ohio-7044, ¶ 62. In the context of sentencing, outcome-determinative means an error that resulted in a sentence which is contrary to law. *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528 ¶ 23, Justice Lanzinger, concurring in part and dissenting in part, R.C. 2953.08(G)(2)(b). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 14} As to appellant's first argument, while there is a mandatory duty for the trial court to consider the relevant statutory factors under R.C. 2929.11 and 2929.12, the trial court is not required to go through each factor on the record or to make specific findings

before imposing a sentence. *State v. Caffey*, 8th Dist. Cuyahoga Nos. 101833, 101834, 2015-Ohio-1311 ¶ 15. A statement in the trial court's sentencing entry, indicating it considered the required statutory factors, is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *Id.* Citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9. The judgment entry in this matter indicates the trial court considered the required factors under both R.C. 2929.11 and 2929.12. Appellant's first complaint is therefore without merit.

{¶15} Next, appellant argues the trial court committed plain error by failing to make findings required by R.C. 2929.13(B)(1)(b) before imposing a prison sentence for fourth and fifth degree felonies. We disagree. R.C. 2929.13(B)(1)(a) and (b) do not require the trial court to make specific findings. *State v. Dudley*, 5th Dist. Ashland No. 14-COA-015, 2014-Ohio-5419 ¶ 13, *State v. Hamilton*, 1st Dist. Hamilton No. C-140290, 2014-Ohio-334 ¶ 8.

{¶16} Appellant pled guilty to one fourth degree felony and two fifth degree felonies. R.C. 2929.13(B)(1)(a) provides that for a nonviolent fourth or fifth degree felonies, a trial court must impose a community control sanction of a least one year duration if all of the following are met: (1) the offender has not previously been convicted of or pleaded guilty to a felony; (2) the most serious charge at the time of sentencing is a fourth or fifth degree felony; (3) if, in a case where the court believes that no acceptable community-control sanctions are available, the court requests a community control option from the department of rehabilitation and correction, and the department identifies an appropriate program; and (4) the offender has not been convicted of or pleaded guilty to a

misdemeanor offense of violence committed during the two years before the commission of the offense for which the court is imposing sentence.

{¶ 17} The presumption of a community-control sanction, however, is subject to the exceptions listed in R.C. 2929.13(B)(1)(b). The exception applicable in this case, R.C. 2929.13(B)(1)(b)(iv), permits a court, in its discretion, to impose a term of imprisonment for a nonviolent fourth or fifth degree felony when: (iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

{¶ 18} The record reflects that appellant had no prior record, and the most serious charge against him at the time of sentencing was a felony of the fourth or fifth degree. The trial court did not contact the department of rehabilitation to request notification of available programing for appellant, but rather requested that the probation department conduct a drug and alcohol evaluation. Appellant was also evaluated by Appalachian Behavioral Healthcare. Transcript of plea at 15. Contacting community based control facilities directly to inquire about placement for an offender is sufficient to meet the requirements of R.C. 2929.13(B)(1)(c). *State v. McCoy,* 12th Dist. Warren No. CA2013-04-033, 2013-Ohio-4647 ¶ 20. Thus, the criteria of R.C. 2929.13(B)(1)(a) were met.

{¶ 19} At sentencing, the trial court rejected the plea agreement and sentenced appellant to a term of incarceration:

THE COURT: All right. Thank you. I'll note for the record we're dealing with three separate counts; count one, breaking and entering, a felony of the fifth degree; count two, theft, $1000 or more but less than $7,500, a felony of the fifth degree; count three, safecracking, a felony of the fourth degree.

There's a joint recommendation you be placed on community control, pay restitution of $5,316.

Also note for the record, I received the presentence investigation. I've reviewed it thoroughly. I'll also note I received the statement/report from Appalachian Behavioral Healthcare, which you were sent based on your – your actions and behaviors in Muskingum County Jail. Also note I received all of the – the – shouldn't say all, but I received reports through the Muskingum County Jail on one, two, three, four, five – six or seven different occasions where there's been issues with your behavior.

You would agree with that, wouldn't you Mr. Henslee?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You didn't act appropriately in Appalachian Behavioral Health or at the jail, would you agree?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Based upon that, I'm not inclined to follow the State's recommendation.

Therefore, on count one, you'll be sentenced to nine months in prison; on count two, you'll be sentenced to nine months in prison; and on

count three, you'll be sentenced to nine months in prison. All those terms to run concurrently, for an aggregate prison sentence of nine months.

You'll be ordered to pay court costs in this matter. You'll be given credit for 85 days of time served. You are ordered to pay restitution in the amount of $5,316.

{¶ 20} The trial court indicated its review of the presentence investigation, which is contained in the record before us. The report indicates appellant does not meet the basic requirements for admission to a community corrections center or residential treatment. Because there was no appropriate placement for appellant, the trial court was therefore permitted to exercise its discretion to sentence appellant to a term of incarceration pursuant to R.C. 2929.13(B)(1)(b)(iv).

{¶21} We therefore find the record supports the trial court's imposition of a prison sentence and the sentence is not contrary to law.[1] Appellant's sole assignment of error is overruled.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/sg 609

---

[1] We note that appellee argues R.C. 2929.13(B) is unconstitutional. Because the matter is first moot and second, not properly before this court, we decline to address the matter.