[Cite as *State v. Coy*, 2023-Ohio-1956.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Andrew J. King, J. |
| -vs- | : | | |
| | : | | |
| SHARMA COY, | : | | Case No. 22 CAA 10 0069 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                  Court of Common Pleas, Case No.
                                  22 CR I 01 0061




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 June 13, 2023




APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

MELISSA A. SCHIFFEL                         WILLIAM T. CRAMER
Delaware County                             470 Olde Worthington Road, Suite 200
Prosecuting Attorney                        Worthington, Ohio 43082


By: PAYTON ELIZABETH THOMPSON
Delaware County
Assistant Prosecuting Attorney
145 N. Union Street, 3rd Floor
Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}** The appellant appeals her sentence and the amount of restitution ordered by the trial court. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** The appellant, a home health aide worker who was assigned by her employers to provide assistance to various elderly individuals in their homes, was indicted on January 27, 2022 on three counts of theft from a protected class in violation of R.C. 2913.02(A)(1) and R.C. 2913.02(B)(3). Count one involved elderly victim C.O.[1] and property valued at $7,500.00 or more but less than $37,500.00, and was a felony of the third degree. Count two involved elderly victim B.D. and property valued at $1,000.00 or more but less than $7,500.00. Count three involved elderly victim W.W. and property valued at $1,000.00 or more but less than $7,500.00. Counts two and three were fourth degree felonies.

**{¶3}** The appellant was arraigned on March 11, 2022, and pleaded not guilty to all charges.

**{¶4}** On May 18, 2022, the appellant entered into a written plea agreement that was memorialized in a Written Text of Criminal Rule 11(F) Agreement. The Agreement provided that the appellant would plead guilty to the charges set forth in the indictment and pay restitution as established at a hearing. The appellee agreed to recommend a pre-sentence investigation. The Agreement, signed by the assistant prosecuting attorney, appellant's trial counsel, and the appellant, contained a "Defendant's acknowledgment"

---

[1] Victim C.O. was inadvertently misidentified in Count One of the Indictment as "C.C."

paragraph that stated "I understand that this Agreement is a binding contract between me and the State of Ohio. I have reviewed this Agreement with my lawyer, understand what it says, and agree to it."

{¶5}    The Change of Plea Hearing proceeded on May 18, 2022, at which time the trial court engaged in the requisite Crim R. 11 colloquy, including but not limited to the maximum possible prison terms for all three charges. The appellant acknowledged the Written Agreement, and pleaded guilty to all three charges.  In addition, the Withdrawal of Former Pleas of Not Guilty and Written Pleas of Guilty to the Indictment and Judgment Entry on Guilty Plea was signed by the parties and approved by the trial court. The trial court ordered a pre-sentence investigation, and scheduled the matter for a restitution hearing.

{¶6}    A Restitution and Sentencing Hearing was conducted on August 29, 2022 and September 23, 2022.  Victim W.W. testified that he hired the appellant's employer to provide a home health aide to help with his wife's Parkinson's related health issues. The appellant came to his home multiple times per week. He testified that he was contacted by law enforcement officials regarding possible theft by the appellant and asked if he and his wife were missing any items. W.W. testified that he and his wife then examined their belongings, and determined that items of jewelry were missing, including a diamond and gold ring for which he paid $7,000,00, and other rings. He testified further that based upon information received from law enforcement, he was able to go the pawn shop where the appellant had pawned his wife's rings and purchase back a diamond and gold ring and a high school class ring for $600.00. W.W. testified further that his grandson made him a

silver ring for which he paid $200.00. Finally, W.W. testified that other small items were missing from the home, including a box of coins.

{¶7}   Victim B.D. testified that she hired the appellant's employer to provide a home health aide to help her and her husband. The appellant came to her home multiple times per week. B.D. noticed that items were missing from her home. Upon further investigation, B.D. determined that a number her rings were missing, including a pinkie ring she intended to gift to her granddaughter, and her white gold wedding ring. All four of her husband's rings were missing, and her 14-carat gold necklaces were missing. B.D. testified that one of her missing rings was a 10-carat gold ring with diamonds around it and an emerald in the center that her husband gave her for her 30th wedding anniversary. Because the jewelry her husband gave her were gifts she did not know how much he paid for any of the items, and at the time of the hearing he suffered from dementia so severe that he could not provide that information. B.D. testified that she went to Helzberg Diamonds jewelry store to determine what she would have to pay to replace the items that had been taken, and determined that the approximate value of the missing items was $6,000.00.

{¶8}   Victim C.O. suffers from dementia, and was therefore unable to testify at the restitution hearing. Accordingly, her daughter and Power of Attorney, A.O.N., testified regarding the property stolen from C.O. A.O.N. testified that her mother had twenty jewelry boxes, and that she was familiar with the majority of her mother's jewelry. In addition, her father kept approximately fifty boxes of receipts for various items, including jewelry, and had prepared an inventory in 2006 of C.O.'s jewelry which contained photographs of some of the pieces.  Based upon this information, A.O.N. prepared a list

of items that had been removed from her parents' home and ultimately pawned. A.O.N. testified that she was able to find receipts for many of the stolen items, and spoke with a jeweler and obtained appraisals for the pieces for which she was unable to find receipts. Some of the photographs showed items with price tags still attached. Based upon this information, A.O.N. prepared a list that was marked as State's Exhibit 1, which included a spreadsheet of items with values as well as receipts and photographs, and copies of pertinent LEADS online records of pawn shop transactions made by the appellant, that established the total value of items stolen from C.O. to be $23,911.44.

**{¶9}** The trial court noted the seriousness of the crimes committed by the appellant, that the injury to the victims was exacerbated by their physical condition, and that the appellant used her occupation as a caregiver to the elderly to steal from them. The trial court found that it would demean the seriousness of the appellant's conduct to impose community control, and imposed a prison sentence upon the appellant as follows: 24 months on Count One, a third-degree felony; 12 months on Count Two, a fourth-degree felony; and, 12 months on Count Three, a fourth-degree felony. The trial court further ordered the sentences to be served consecutively. The appellant did not object to the imposition of prison sentences for Counts Two and Three at the plea hearing or at the time of sentencing. Finally, the trial court ordered the appellant to pay restitution to W.W. in the amount of $7,800.00, to B.D. in the amount of $6,000.00, and to C.O. in the amount of $23,911.44.

**{¶10}** The appellant filed a timely appeal in which she sets forth the following assignments of error:

**{¶11}** "I. THE TRIAL COURT ERRED BY FAILING TO MAKE THE FINDINGS NECESSARY TO IMPOSE PRISON TERMS ON FOURTH-DEGREE FELONIES."

**{¶12}** "II. THE AMOUNT OF RESTITUTION AWARDED BY THE TRIAL COURT WAS AN ABUSE OF DISCRETION."

**{¶13}** The appellant argues that the trial court erred in imposing sentence. We disagree.

## STANDARD OF REVIEW

**{¶14}** Felony sentences are reviewed under R.C. 2953.08(G). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7.

## ANALYSIS

## ASSIGNMENT OF ERROR NUMBER I

**{¶15}** The appellant argues that she should have received community control for Counts Two and Three because they were fourth degree felonies and, further, that the trial court erred when it failed to make findings necessary for the imposition of prison pursuant to R.C. 2929.13(B). We disagree.

**{¶16}** R.C. 2929.13(B)(1)(a) provides:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(Underlining added.)

{¶17} R.C. 2929.13(B)(1)(a) does not apply in this case to require that the appellant receive community control for her guilty pleas to the fourth-degree felonies contained in Counts Two and Three because the most serious charge against her at the time of sentencing was not a fourth- or fifth-degree felony, but rather, a felony of the third degree, to which she also pleaded guilty.

{¶18} Furthermore, the trial court was not required to make findings under R.C. 2929.13(B). See, generally, *State v. Henslee*, 5th Dist. Muskingum No. CT2017-0009, 2017-Ohio-5786, at ¶17. The *Henslee* case was recently cited by the court in *State v. Rudolph,* 8th Dist. Cuyahoga No. 111732, 2023-Ohio-1040. The defendant in *Rudolph*

argued that the trial court erred in sentencing him to prison rather than community control. The *Rudolph* court disagreed, stating:

> In this case, however, Rudolph did not object to the trial court's advisements regarding a possible prison sentence at the change-of-plea hearing and did not object to the trial court's imposition of a prison sentence rather than placing him under community-control sanctions at the sentencing hearing. Because Rudolph did not object to his prison sentence at the sentencing hearing, he has forfeited all but plain error. *See, e.g., State v. Buckway*, 8th Dist. Cuyahoga No. 100591, 2014-Ohio-3715, ¶ 3 (where defendant failed to object to the trial court imposing a term of imprisonment rather than community-control sanctions at sentencing under R.C. 2929.13(B)(1), he forfeited all but plain error); *State v. Ali*, 10th Dist. Franklin Nos. 18AP-935, 18AP-936 and 18AP-938, 2019-Ohio-3864, ¶ 23 (where defendant did not object at the sentencing hearing to the trial court's imposition of a prison term rather than community-control sanctions for his crime of receiving stolen property, he forfeited all but plain error); *State v. Henslee*, 5th Dist. Muskingum No. CT2017-0009, 2017-Ohio-5786, ¶ 12 (where defendant failed to object, at his sentencing hearing, that the trial court had failed to make findings under R.C. 2929.13(B)(1)(b) before imposing a prison sentence for fourth- and fifth-degree felonies, he forfeited all but plain error); *State v. Ganguly*, 2015-Ohio-845, 29 N.E.3d 375, ¶ 38-40 (10th Dist.) (where defendant did not object to the imposition of a prison term at the sentencing hearing, appellate review was limited to plain error).

Appellate courts have discretion to correct plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. Plain error is an obvious error or defect in the trial court proceedings that affects a substantial right. *Id.*; *see also* Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Plain error requires a showing that there was an error, i.e., a " 'deviation from a legal rule,' " that the error was plain or obvious and that, but for the error, the outcome of the proceeding would have been otherwise, i.e., "a reasonable probability that the error resulted in prejudice." *Rogers* at ¶ 22-23, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *see also State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. The party asserting plain error "bears the burden of proof to demonstrate plain error on the record." *Rogers* at ¶ 22, citing *Quarterman* at ¶ 16.

Rudolph has not shown that the trial court committed error — much less plain error — here.

*Id.* at ¶29-31.

**{¶19}** In this case the appellant did not object to the trial court's advisements regarding a possible prison sentence for the fourth-degree felonies at the change-of-plea

hearing, nor did she object to the trial court's imposition of a prison sentence rather than community-control sanctions for Counts Two and Three at the sentencing hearing. There has been no showing that there was a reasonable probability that an alleged error resulted in prejudice, and thus no showing of plain error. The imposition of prison time for Counts Two and Three was within the parameters of the statute, particularly since the most serious charge against the appellant at the time of her sentencing was a felony of the third degree.

{¶20} Specific findings were not required to impose prison terms for Counts Two and Three, and the trial court did not err in sentencing the appellant to prison for the two fourth degree felonies. Accordingly, the appellant's assignment of error number one is overruled.

### ASSIGNMENT OF ERROR NUMBER II

{¶21} The appellant argues that the trial court abused its discretion went it awarded restitution in the total amount of $37,771.41. We disagree.

{¶22} R.C. 2929.18(A)(1) confers upon the trial court the power to impose restitution upon an offender for the economic loss suffered by the victim of a crime. The court "… must engage in a 'due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.' *State v. Marbury,* 104 Ohio App.3d at 181, 661 N.E.2d at 271-272. The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty." *State v. Gears*, 135 Ohio App. 3d 297, 300, 733 N.E.2d 683, 685–86 ( 6th Dist. 1999).

**{¶23}** In this case, the trial court heard the testimony of two of the victims, and because one of the victims suffered from dementia her daughter, who was familiar with the nature and extent of the victim's possessions. In addition, documentary evidence was presented in the form of photographs of victim C.O.'s missing jewelry, receipts, and appraisals, as well as the LEADS online record of the appellant's significant pawn shop transactions. The appellant was able to cross examine the witnesses and otherwise engage in the "due process ascertainment" of the victims' loss. The trial court was in the best position to determine the veracity of the witnesses, and to evaluate the evidence presented.

**{¶24}** We find that there was competent and credible evidence demonstrating that the restitution ordered corresponded to the economic loss suffered as a proximate result of appellant's theft. Accordingly, appellant's assignment of error number two is overruled.

## CONCLUSION

{¶25} Based upon the foregoing, appellant's Assignments of Error Numbers I and II are overruled, and the judgment of the Delaware County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.