**[Cite as *State v. Moore*, 2024-Ohio-4536.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

    v.

ISAIAH J. MOORE

      DEFENDANT-APPELLANT.

CASE NO. 5-24-05

**O P I N I O N**

Appeal from Hancock County Common Pleas Court
Trial Court No. 2023 CR 166
**Judgment Affirmed**

**Date of Decision:  September 16, 2024**

**APPEARANCES:**

    *William T. Cramer* for Appellant

    *Chelsea R. Cereghin* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Isaiah J. Moore ("Moore"), appeals the January 8, 2024 judgment entry of the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On April 18, 2023, Moore was indicted by the Hancock County Grand Jury on two counts of felonious assault in violation of R.C. 2903.11(A)(2), second-degree felonies. Each count included a firearm specification pursuant to R.C. 2941.145. Count One related to victim K.G. and Count Two related to victim D.G.

{¶3} Moore initially entered not guilty pleas to the counts and specifications in the indictment. However, on November 28, 2023, pursuant to a negotiated-plea agreement, Moore withdrew his previously entered not-guilty pleas and entered guilty pleas to the counts in the indictment. In exchange, the State recommended dismissal of the attendant firearm specifications. The trial court accepted Moore's guilty pleas and found him guilty of Counts One and Two. Additionally, the trial court granted the State's motion to dismiss the firearm specifications.

{¶4} At a sentencing hearing held on January 8, 2024, Moore was sentenced to an indefinite term of four to six years in prison on Count One and an indefinite term of six to nine years in prison on Count Two, to be served concurrently. Moore was also ordered to pay $52,315.65 in restitution to K.G. and $598 in restitution to D.G. The trial court filed its judgment entry of sentence that same day.

**{¶5}** Moore filed a notice of appeal on January 22, 2024. He raises two assignments of error for our review.

### First Assignment of Error

**The trial court committed plain error by awarding restitution to Victim D.G. to compensate for the lost wages of D.G.'s wife.**

**{¶6}** In his first assignment of error, Moore argues that the trial court erred by ordering him to pay $598 in restitution to D.G. Moore alleges that the $598 restitution order was improper because it corresponded to D.G.'s wife's lost wages for the week immediately after the shooting that she took off work to attend to D.G. while he was in the hospital. Moore contends D.G.'s wife was not a direct victim of the offense and is not entitled to restitution. For the reasons that follow, we disagree.

**{¶7}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶8}** However, when a party does not object to the restitution value, they forfeit all but plain error on appeal. *State v. Wilkins*, 2014-Ohio-983, ¶ 8 (3d Dist.). "'To recognize plain error, we must find obvious error affecting such substantial rights that the error was outcome-determinative.'" *State v. West*, 2022-Ohio-4069, ¶ 23 (3d Dist.), quoting *State v. Henslee*, 2017-Ohio-5786, ¶ 13 (5th Dist.). "'In the context of sentencing, outcome-determinative means an error that resulted in a sentence which is contrary to law.'" *Id.* at ¶ 24, quoting *Henslee* at ¶ 13.

**{¶9}** Moreover, our review of the record indicates that the restitution value was pursuant to the parties' joint agreement. Specifically, relevant to his argument on appeal, at the sentencing hearing, the following exchange occurred:

| | |
|---|---|
| [Trial court]: | [T]here is going to be, [Prosecutor], restitution sought by each of the victims in the two counts? |
| [State]: | Yes. |
| [Trial court]: | And [trial counsel], is there going to be the necessity for a [restitution] hearing? |
| [Trial counsel]: | No, Your Honor. We have been made aware of the figures in regards to both individuals and have no objection to that, so we would be consenting to that today. |
| [Trial court]: | And have you aggregated those amounts, [Prosecutor]? |
| [State]: | Yes, Your Honor. . . . On behalf of [D.G.], the documents submitted to the Court are still being worked through insurance, and have been for some time, so in speaking with them, they are not currently requesting a restitution figure for any |

|  | of the medical expenses, but they would request restitution in the amount of $598 for one week's work of [D.G.'s] wife, because she did have to take off a week of work after this incident, when he was in the hospital.  I did speak with Defense counsel about that figure.  It was my understanding that was agreeable. |
|---|---|
| [Trial court]: | [Defense counsel]? |
| [Trial counsel]: | That's correct, Your Honor.  We were in agreement with both of those figures. |
| [Trial court]: | [Prosecutor], have you discussed that with [D.G. and his wife], that if I impose sentence today and order restitution. . . it's what we call res judicata in our world, but it's a final order and I can't go back and change it? |
| [State]: | I have.  We've discussed that several times.  I, again, discussed that with them this morning.  They were okay with that.  They were understanding of that.  We talked about some alternative options, and so they were aware of that. |
| [Trial court]: | They could apply for victims of crime fund. |
| [State]: | Correct. |
| [Trial court]: | So as it relates to [D.G.] then, the restitution has been agreed to, which is tantamount to re-payment for [D.G.'s wife's] necessity to leave work to take care of her husband for a period of time.  And you're agreeing to that, [trial counsel]? |
| [Trial counsel]: | Yes. |
| [Trial court]: | So ordered. |

(Dec. 29, 2023 Tr. at 18-21). Indeed, the restitution ordered by the trial court was consistent with the parties' agreement.

**{¶10}** R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 2010-Ohio-1, ¶ 10. However, under R.C. 2953.08(D)(1), "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In discussing jointly recommended sentences, the Ohio Supreme Court has recognized that '[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.'" *State v. Morris* 2013-Ohio-1736, ¶ 11 (3d Dist.), quoting *State v. Porterfield*, 2005-Ohio-3095, ¶ 25.

**{¶11}** Here, the parties agreed to a restitution value, and thus, with respect to that component, Moore cannot now complain of his bargained for sentence. *See State v. Pishok*, 2003-Ohio-7118, ¶ 23 (3d Dist.). Moreover, we note the record indicates that D.G. had additional medical bills that were being processed by insurance, and he did not seek restitution for those expenses. Thus, for the foregoing reasons we do not find Moore's argument that the trial court committed plain error by ordering him to pay D.G. $598 in reimbursement to be well taken. *See State v. Stewart*, 2008-Ohio-5823, ¶ 13 (3d Dist.); *State v. Samuels*, 2003-Ohio-6106, ¶ 8-9 (4th Dist.).

**{¶12}** Moore's first assignment of error is overruled.

**Second Assignment of Error**

**Appellant's indefinite prison term is contrary to law because the trial court failed to provide the notifications required by R.C. 2929.19(B)(2)(c) at the sentencing hearing.**

**{¶13}** In his second assignment of error, Moore argues that the trial court failed to properly advise him of the required notifications contained in R.C. 2929.19(B)(2)(c). That statue provides as follows:

[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

…

(c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v). R.C. 2929.19(B)(2)(c) contains a "mandatory directive." *State v. Greene*, 2022-Ohio-4536, ¶ 6 (1st Dist.); *State v. Hodgkin*, 2021-Ohio-1353, ¶ 24. "[I]f a trial court fails to provide notice of all R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing, the sentence is contrary to law." *State v. Bentley*, 2022-Ohio-1914, ¶ 10 (4th Dist.).

{¶14} Moore was sentenced to a non-life indefinite prison term of four to six years for Count One and six to nine years for Count Two. Accordingly, the trial court had an obligation to comply with R.C. 2929.19(B)(2)(c) and provide Moore with the notifications set forth in R.C. 2929.19(B)(2)(c)(i)-(v) on the record at the sentencing hearing. The record indicates that although the trial court initially did not advise Moore of the notifications set forth in R.C. 2929.19(B)(2), shortly

thereafter, that same day, the trial court brought Moore back into the courtroom and gave him the requisite notifications pursuant to R.C. 2929.19(B)(2)(c).

**{¶15}** Moore argues that the trial court erred by failing to satisfy the notification requirement of R.C. 2929.19(B)(2)(c)(iii). At the hearing, the trial court made the following statement:

> If you are denied release at the end of your minimum sentence, a new release date will be set. This process can be repeated until you reach your maximum sentence of 9 years. Under no circumstances may you be kept beyond that particular date.

(Dec. 29, 2023 Amended Sentencing Tr. at 4). Moore contends that the trial court's statement failed to comply with R.C. 2929.19(B)(2)(c)(iii) because it did not specify that the extension would be for a term that the department deemed *reasonable*. However, the trial court is not required to provide a verbatim recitation and we find that the trial court's statement satisfactorily informed Moore of the notification requirement of R.C. 2929.19(B)(2)(c)(iii). *See State v. Lorenzana*, 2024-Ohio-2900, ¶ 85 (8th Dist.); *State v. Abdus-Salaam*, 2024-Ohio-2773, ¶ 80. Moreover, the record reflects the trial judge was exceedingly thorough in reviewing the sentencing ramifications with Moore.

**{¶16}** Accordingly, Moore's second assignment of error is overruled.

**{¶17}** For the foregoing reasons, Moore's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned

and argued, we affirm the judgment of the Hancock County Court of Common Pleas.

*Judgment Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/jlm**