[Cite as *State v. Devore*, 2025-Ohio-3164.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-7 |
| Appellee | : | |
| | : | Trial Court Case Nos. 2024 CR 133 C-13; 2024 CR 146 C-13 |
| v. | : | |
| | : | |
| DAVID NEAL DEVORE | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 5, 2025, the judgments of the trial court are affirmed in part, reversed in part, and remanded for further proceedings consistent with the opinion.

Costs to be paid 50% by Appellant and 50% by Appellee.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

      For the court,

      _____
      RONALD C. LEWIS, JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

**OPINION**
CHAMPAIGN C.A. No. 2025-CA-7


COLIN P. COCHRAN, Attorney for Appellant
KARA N. RICHTER, Attorney for Appellee


LEWIS, J.

{¶ 1} Defendant-Appellant David Neal Devore appeals from judgments of the Champaign County Court of Common Pleas, which convicted him on his guilty pleas of aggravated possession of drugs, operating a vehicle under the influence, and possession of drugs. For the following reasons, we affirm the judgments of the trial court in part and reverse them in part, and remand solely for Devore to be resentenced in accordance with R.C. 2929.19(B)(2)(c).


I.      Facts and Course of Proceedings

{¶ 2} On September 4, 2024, a Champaign County grand jury indicted Devore in Champaign C.P. No. 24 CR 113 on one count of aggravated possession of drugs, a third-degree felony in violation of R.C. 2925.11(A); one count of aggravated possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A); and one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a). These charges related to events that allegedly occurred on August 24, 2024. Devore pleaded not guilty to all the charges, and a jury trial was scheduled.

{¶ 3} On October 7, 2024, a Champaign County grand jury indicted Devore in Champaign C.P. No. 2024 CR 146 on one count of possession of cocaine, a fifth-degree felony in violation of R.C. 2925.11(A); five counts of aggravated possession of drugs, fifth-

degree felonies in violation of R.C. 2925.11(A); and three counts of possession of drugs, fifth-degree felonies in violation of R.C. 2925.11(A). All nine counts included one-year firearm specifications pursuant to R.C. 2941.141(A). These charges related to events that allegedly occurred on October 2, 2024. Devore pleaded not guilty to all the charges, and a jury trial was scheduled. Devore subsequently waived his right to prosecution by indictment and consented to prosecution by bill of information in Case No. 2024 CR 146. Pursuant to the bill of information, Devore was charged with one count of possession of LSD, a second-degree felony in violation of R.C. 2925.11(A).

{¶ 4} The parties entered into a plea agreement to resolve both criminal cases. Devore agreed to plead guilty to counts one and three in Case No. 2024 CR 113 and one count of possession of LSD in Case No. 2024 CR 146. Devore also agreed to forfeit several items contained in two Champaign County Sheriff's Office Property Lists. In return, the State agreed to (1) request dismissal of count two in Case No. 2024 CR 113 and the remaining nine counts in Case No. 2024 CR 146; (2) not pursue additional charges against Devore arising from the events of October 2, 2024; and (3) recommend that the sentences imposed in Case Nos. 2024 CR 113 and 2024 CR 146 be run concurrently.

{¶ 5} On January 13, 2025, a plea hearing was held in which Devore pleaded guilty to counts one and three in Case No. 2024 CR 113 and one count of possession of LSD in Case No. 2024 CR 146. The trial court accepted Devore's guilty pleas and found him guilty of one count of aggravated possession of drugs and one count of operating a vehicle under the influence in Case No. 2024 CR 113 and one count of possession of LSD in Case No. 2024 CR 146.

{¶ 6} Following a sentencing hearing, the trial court sentenced Devore in Case No. 2024 CR 113 to 24 months in prison on count one and 150 days in jail on count three. The

court ordered that the sentences run concurrently with each other for a total sentence of 24 months.   In Case No. 2024 CR 146, the trial court sentenced Devore to a minimum term of four years in prison to a maximum term of six years in prison.   The court ordered that this sentence run concurrently with the sentences imposed in Case No. 2024 CR 113.   Devore filed a timely notice of appeal from the judgments in both cases.

II.     The Trial Court Failed to Provide One of the Required Notifications in R.C. 2929.19(B)(2)(c)

{¶ 7} Devore's sole assignment of error states:

THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY PROVIDE THE NOTIFICATIONS REQUIRED BY R.C. 2929.19(B)(2)(c).

{¶ 8} Devore was convicted of a third-degree felony, a first-degree misdemeanor, and a second-degree felony.   The Reagan Tokes Law (S.B. 201) requires sentencing courts to impose indefinite prison sentences for felonies of the first or second degree that were committed on or after the law's effective date of March 22, 2019.   The law specifies that the indefinite sentences will consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by formulas set forth in R.C. 2929.144.   The law also establishes a presumption that the offender will be released at the end of the minimum term.   R.C. 2967.271(B).   The Ohio Department of Rehabilitation and Correction ("the ODRC"), however, may rebut that presumption after conducting a hearing and determining whether certain statutory factors are applicable. R.C. 2967.271(C).   If the presumption is rebutted, the ODRC may maintain the offender's incarceration beyond the minimum term for a reasonable period of time not to exceed the maximum term imposed by the sentencing judge.   R.C. 2967.271(D).

{¶ 9} At issue in this appeal is whether the trial court complied with R.C. 2929.19(B)(2)(c), which states the sentencing court shall notify the offender of all the following:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v).

{¶ 10} The trial court is required to notify an offender of all the information set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing in order to fulfill the requirements of the statute. *State v. Massie*, 2021-Ohio-3376, ¶ 23 (2d Dist.). A trial court need not use the precise wording of the statute, but it must convey the required information at the time of sentencing. *State v. Bradley*, 2022-Ohio-2954, ¶ 13 (8th Dist.). If the trial court fails to do so, then the sentence is contrary to law, and we must remand the matter to the trial court for the sole purpose of resentencing in accordance with R.C. 2929.19(B)(2)(c). *Massie* at ¶ 23.

{¶ 11} Before we begin our analysis of whether Devore's sentences are contrary to law, we note that Devore did not object to his sentences at his sentencing hearing. An error that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court is deemed forfeited unless there was plain error. *State v. Whitaker*, 2022-Ohio-2840, ¶ 166, citing *State v. Hunter*, 2011-Ohio-6524, ¶ 152. "A trial judge's failure to inform a defendant of all five R.C. 2929.19(B)(2)(c) notices at the sentencing hearing [constitutes] plain error." *State v. Lawson*, 2025-Ohio-934, ¶ 31 (5th Dist.), citing *State v. Price*, 2024-Ohio-1641, ¶ 7-10 (4th Dist.).

{¶ 12} Relevant to the sole issue before us on appeal, the trial court stated the following at the sentencing hearing:

The Court would advise you that it is rebuttably presumed that you'll be released upon service of the sentence of the expiration of the minimum term imposed. And the Ohio Department of Rehabilitation and Correction may

rebut that presumption if it makes specified determinations at a hearing regarding your conduct while confined, your rehabilitation, your threat to society, your restrictive housing, if any, while confined, and your security classification. And in that instance, they may maintain your incarceration after expiration of the minimum prison term up to the maximum term.

The Court would advise you that DRC may make this specified determination more than one time and may maintain your incarceration up to that expiration of that maximum term. And they will tell you that you'll have to be released at the expiration of the maximum term.

Sentencing Tr. 21-22.

{¶ 13} Devore argues that the trial court did not fully and accurately inform him of the requirements under R.C. 2929.19(B)(2)(c). In particular, Devore contends that the trial court failed to inform him of the notification set forth in R.C. 2929.19(B)(2)(c)(iii) that "the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in [R.C. 2967.271]." Appellant's Brief, p. 11. Therefore, Devore believes that the sentence he received is contrary to law and that we should reverse the judgment of the trial court and remand the matter for a new sentencing hearing in compliance with R.C. 2929.19(B)(2)(c).

{¶ 14} The State responds that "[t]he trial court's advisement, taken in its totality, sufficiently conveyed the required notifications pursuant to R.C. 2929.19(B)(2)(c)." Appellee's Brief, p. 4. According to the State, the trial court's "failure to inform Appellant of the reasonableness standard ODRC must use to determine the length of time to extend the offender's incarceration does not render Appellant's sentence contrary to law" and "the trial

court conveyed all of the substantive notifications mandated by R.C. 2929.19(B)(2)(c)." *Id.* at 5.

{¶ 15} It is undisputed that the trial court did not inform Devore that the length of time the ODRC may maintain his incarceration after the expiration of the minimum term is the amount of time the department "determines to be reasonable." However, the court did explain that the amount of time the department could maintain his incarceration could not exceed his maximum prison term. Therefore, the narrow issue before us is whether the trial court's failure to inform Devore that the additional period of incarceration could be a "reasonable" period determined by the ODRC caused Devore's sentences to be contrary to law. While we have not had an opportunity to address this specific question previously, two of our sister districts have.[1]

{¶ 16} In *State v. Gutierrez*, 2025-Ohio-1884 (4th Dist.), the Fourth District Court of Appeals noted that the trial court had provided some of the statutorily required information at the sentencing hearing but did not provide all of it at that time. "For example, the court did not provide all the information in R.C. 2929.19(B)(2)(c)(ii) about DRC's ability to rebut the presumption regarding release or tell [the defendant], as required by R.C. 2929.19(B)(2)(c)(iii), that DRC may maintain her incarceration for the length of time it determines is reasonable, subject to the limitation specified in R.C. 2967.271." *Id.* at ¶ 66. The Fourth District concluded, "[b]ecause the trial court failed to comply with R.C.

---

[1] The State cites *State v. Lawrence*, 2024-Ohio-4792 (8th Dist.), in support of its position. However, the Eighth District did not directly address the absence of the "reasonable" language contained in R.C. 2929.19(B)(2)(c)(iii). Further, the Eighth District partially relied on the fact that the trial court included the requisite notifications in its journal entry. *Id.* at ¶ 84. However, the trial court that sentenced Devore did not include the notification at issue in this appeal in its written judgment entries. Regardless, we have previously held that the trial court must provide the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing. *Massie*, 2021-Ohio-3376, at ¶ 22-23 (2d Dist.).

2929.19(B)(2)(c), [the defendant's] sentence is contrary to law and plain error[.]" *Id.* at ¶ 67.

{¶ 17} The Third District Court of Appeals came to a different conclusion in *State v. Moore*, 2024-Ohio-4536 (3d Dist.). There, the appellant contended that the trial court's notifications at sentencing failed to comply with R.C. 2929.19(B)(c)(iii) "because it did not specify that the extension would be for a term that the department deemed *reasonable*." (Emphasis in original.) *Moore* at ¶ 15. The Third District rejected this argument and concluded that "the trial court is not required to provide a verbatim recitation and we find that the trial court's statement satisfactorily informed [appellant] of the notification requirement of R.C. 2929.19(B)(2)(c)(iii)." *Id.*, citing *State v. Lorenzana*, 2024-Ohio-2900, ¶ 85 (8th Dist.), and *State v. Abdus-Salaam*, 2024-Ohio-2773, ¶ 80.

{¶ 18} We agree with the approach taken by the Fourth District in *Gutierrez*. The General Assembly chose to include the following two limitations on the amount of time the ODRC could extend a defendant's prison sentence after it had successfully rebutted the presumption of being released after the minimum sentence had been served: (1) the prison sentence could not be extended beyond the maximum sentence; and (2) the amount the prison sentence was extended beyond the minimum sentence must be reasonable. *See* R.C. 2967.271(D)(1). The General Assembly then stated in a separate statute that the trial court *shall* notify the defendant of these two limitations, among other notifications. R.C. 2929.19(B)(2)(c). It is undisputed that the trial court notified Devore of only one of these two limitations. While the State essentially argues that the trial court substantially complied with the notification requirements contained in R.C. 2929.19(B)(2)(c), we do not believe it is appropriate to adopt a substantial compliance approach to the statutory notifications contained in R.C. 2929.19(B)(2)(c) where the General Assembly explicitly set forth the notification requirements and used the word "shall" to indicate the mandatory nature of the

statutory notifications. "We will not interpret such a clear statute to mean anything other than what it unmistakably states." *State v. Brooks*, 2004-Ohio-4746, ¶ 24 (rejecting a substantial compliance interpretation of former R.C. 2929.19(B)(5) where the General Assembly used the word "shall" even though "reasonable minds could differ on how important" the notification requirement was in the "grand scheme of R.C. Chapter 2929"), citing *State v. Comer*, 2003-Ohio-4165, ¶ 20. "To do so would be to rewrite a statute that is clear on its face." *Id.*

{¶ 19} Based on our review of the sentencing transcript, we conclude the trial court failed to provide a notification that was required by R.C. 2929.19(B)(2)(c)(iii). Therefore, the sentences imposed on Devore were contrary to law and the trial court committed plain error. The sole assignment of error is sustained.


III.    Conclusion

{¶ 20} Having sustained Devore's assignment of error, we will reverse the judgments of the trial court in part and remand the cause for the sole purpose of resentencing him in accordance with R.C. 2929.19(B)(2)(c). The judgments of the trial court will be affirmed in all other respects.

. . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.